Hand-Delivered

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina
Charlotte Division

FILED
CHARLOTTE, NC

MAR 1 3 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

Shanta Swinton

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

The Honorable Gary Ashworth, Secretary,
U.S. Department of the Air Force

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 3:25-cv-179-FDW
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shanta Swinton |
| Street Address | 7311 Daerwood Place |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina, 28215 |
| Telephone Number | 980-361-0991 |
| E-mail Address | shanta.swinton@yahoo.com |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Johnathan Stallings |
| Job or Title *(if known)* | Incumbant Superintent of Services (Transfered) |
| Street Address | 4930 Minuteman Way |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | 1-800-354-6943 |
| E-mail Address *(if known)* | NA |

Defendant No. 2

| | |
|---|---|
| Name | Melissa Thatcher |
| Job or Title *(if known)* | Force Support Superintendent (Deceased) |
| Street Address | 4930 Minuteman Way |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | 1-800-354-6943 |
| E-mail Address *(if known)* | NA |

Defendant No. 3

| | |
|---|---|
| Name | Jennifer Lacy |
| Job or Title *(if known)* | Incumbant Director of Force Support (Transfered) |
| Street Address | 4930 Minuteman Way |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | 1-800-354-6943 |
| E-mail Address *(if known)* | NA |

Defendant No. 4

| | |
|---|---|
| Name | Gary Ashworth |
| Job or Title *(if known)* | United States Department of the Air Force, Secetary |
| Street Address | 1670 Air Force Pentagon |
| City and County | Washington DC |
| State and Zip Code | 20330 |

| | |
|---|---|
| Telephone Number | 703-697-1361 |
| E-mail Address *(if known)* | NA |

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | 145th Airlift Wing |
| Street Address | 4930 Minuteman Way |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | 1-800-354-6943 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
Equal Protection Clause of the 14th Amendment (for government employees), Freedom of Information Act (FOIA), Whistleblower Protection Laws

☒ Relevant state law *(specify, if known)*:
North Carolina Equal Employment Practices Act (NCEEPA), North Carolina Whistleblower Protection Act

☒ Relevant city or county law *(specify, if known)*:
Charlotte City Ordinance on Equal Employment Opportunity

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Harassment, Hostile Work Enviornment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
2/7/16, 3/6/16, 4/28/16, 5/13/16, 5/18/16, 6/23/16, 7/1/16, 7/5/16, 7/7/16, 7/25/16, 9/11/17, 4/3/19, 5/14/19, 6/5/19, 3/6/20, 1/22/21, 2/24/21, 9/16/21, 9/23/21, 1/17/25

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Pleaes see complete 8 page summary of claims attached.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 28, 2017

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 1/17/2025 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. **If the Basis for Jurisdiction Is a Federal Question Continued.**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
State Whistleblower Protection Laws, EEOC Decisions and Orders, State Public Record Laws

B. **The Defendant(s) Continued.**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 5
Name: Lisa Kirk
Job or Title (*if known*): Vice Wing Commander
Street Address: 4930 Minuteman Way
City and County: Charlotte, Mecklenburg
State and Zip Code: North Carolina 28208
Telephone Number: 1-800-354-6943
Email Address (*if known*): NA

Defendant No. 6
Name: Annmarie Trial
Job or Title (*if known*): Services Superintendent (Retired)
Street Address: 4930 Minuteman Way
City and County: Charlotte, Mecklenburg
State and Zip Code: North Carolina 28208
Telephone Number: 1-800-354-6943
Email Address (*if known*): NA

Defendant No. 7
Name: Gregory Lusk
Job or Title (*if known*): State Adjutant General (Retired)
Street Address: 1636 Gold Star Dr.
City and County: Raleigh, Wake
State and Zip Code: North Carolina 27607
Telephone Number: 984-664-6000
Email Address (*if known*): NA

Defendant No. 8
Name: Todd Hunt
Job or Title (*if known*): State Adjutant General (Current)
Street Address: 1636 Gold Star Dr.
City and County: Raleigh, Wake
State and Zip Code: North Carolina 27607

1

Telephone Number: 984-664-6000
Email Address (*if known*): NA

### III. Statement of Claim

**Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.**

1. I, Shanta Swinton, a black woman, am seeking damages and relief due to the discriminatory actions of Lisa Kirk and Annmarie Trial. Their actions caused me emotional distress and violated my rights. In February 2016 Alicia Marquez, a white female, admitted that that Lisa Kirk and Annmarie Trial orchestrated her as a hire of the Base Service Specialist position, a position I was currently working in my military career, prior to it posting. I performed the Base Service Specialist task in my military career for years. The manner of their hiring practices was unethical and discriminatory. Alicia explained how Lisa Kirk an Annmarie Trial connected with her leadership team who were in California, to secure this employment opportunity for her. This was humiliating for me to hear. I felt betrayed by an organization that should have been fair and open to all candidates. I immediately notified leadership to confirm the rumors that were floating around at the base upon our introduction to Alicia Marquez during December's drill. Their actions made me lose trust in the system. Lisa Kirk and Annmarie Trial's discriminatory conduct caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964** and the **North Carolina Equal Employment Practices Act**, both of which prohibit employment discrimination. Their discriminatory actions caused me significant emotional harm, as I felt alienated and unfairly treated. These actions created a hostile work environment for me and led to lasting psychological distress. I seek damages for the harm caused by their actions, and I request that the court hold them accountable for violating my rights and causing emotional harm.

2. On March 6, 2016, after accepting my position as the Base Service Specialist, I was subjected to racial discrimination and retaliation. I believe my responsibilities were unfairly minimized due to my prior complaint of racial discrimination. Specifically, my duties overseeing the fitness and lodging programs were reassigned to Johnathan Stallings, a white male employee who had recently transferred to the Force Support organization and was selected as the incumbent superintendent with little training to oversee the program. Additionally, the responsibility for managing hotel contract payments, which had been part of my role, was transferred to Johnathan Stallings as well. These changes occurred shortly after I reported the discriminatory actions of Lisa Kirk and Annmarie Trial. As a result of the

2

reassignment of my duties, I suffered both professional and emotional harm, feeling marginalized and unfairly treated. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964** and possibly under state law as well. I am seeking damages and other relief for the harm caused by these actions.

3. On April 28, 2016, during my Drill Status, which later transitioned into my Full-Time Technician status, I experienced racial discrimination that affected my career advancement. Melissa Thatcher informed me that Patricia Nelson, a white female technician, was promotable but could not be promoted at that time which was not true because Patricia did not meet all her promotion requirements. When I inquired about my own career advancement, Melissa denied me the same opportunity, which I believe was based on my race. I met all my promotion requirements. This treatment was a clear example of disparate treatment, where employees of different races are treated differently regarding promotions and career advancement. When I expressed concern about the delay in my promotion, Melissa Thatcher, Jennifer Lacy, and Johnathan Stallings, all of whom are white, told me that I should not have a problem with the delay, especially compared to their own timely promotions. This dismissive response to my concerns about racial discrimination undermined my confidence and my ability to advocate for my own career progression. Their actions created a hostile work environment, and were both retaliatory and discriminatory, causing me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964** and state anti-discrimination laws. After filing a complaint, my promotion was eventually granted by Russell Ponder, the Division Head, despite resistance from Jennifer Lacy, Melissa Thatcher, and Johnathan Stallings. However, the delay in my promotion and the resistance I faced created lasting damage to my professional reputation. Colleagues may have perceived my promotion as "forced" or "granted out of obligation" rather than earned on merit. This contributed to my decision to retire when my contract was not extended. The discriminatory delay in my promotion and the retaliatory actions from my superiors left me feeling devalued, undermined, and underappreciated. It felt like I was constantly walking on eggshells. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964** and other federal and state laws protecting against racial discrimination and retaliation.

4. On May 13, 2016, I was discriminated against and retaliated against by Jennifer Lacy due to my prior race discrimination complaint regarding my promotion, which I eventually received from Russell Ponder. Jennifer Lacy, the director of the Services department, invited me into her office to discuss my promotion. She informed me that Russell Ponder had granted my promotion on May 10, 2016, based on the merits of my military job. However, after sharing this information, Jennifer Lacy handed me a memorandum for record (MFR) regarding

3

Case 3:25-cv-00179-FDW-DCK    Document 1    Filed 03/13/25    Page 8 of 15

performance counseling and review. I immediately expressed that I felt the MFR was an act of harassment and retaliation because of my promotion. Jennifer Lacy conducted this meeting and gave me the MFR while I was in my full-time technician status, which I believe was racially motivated. Her actions appeared to be an attempt to undermine or discredit my promotion and suggested racial bias or discrimination. The MFR was an unwarranted attack on my professional standing, damaging my career prospects and reputation within the organization. Jennifer Lacy's actions caused significant harm to my career and emotional well-being. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964**, which prohibits racial discrimination, harassment, and retaliation in the workplace. I request that the court hold her accountable for violating my rights and causing emotional harm.

5. On May 18, 2016, I was discriminated against, harassed, and retaliated against by Johnathan Stallings due to my prior race discrimination complaint regarding my promotion and my inquiry to Wendy Larsen, the former Base Services Specialist, about a fitness regulation related to the 1.5-mile run. After responding to Wendy Larsen's email with my question about the fitness policy, Johnathan Stallings replied, saying he would review the policy guidance and discuss it with me. Later, I was called into Johnathan Stallings' office, where Melissa Thatcher, the FSS superintendent, was also present. During the meeting, Johnathan Stallings announced that he would be administering bi-weekly feedback sessions to track my performance, whether good or poor. He then presented a write-up containing several false statements, including a fabricated claim about my report time for the fitness assessment. He stated that I was supposed to report at 7:15 AM, even though the actual appointment time was 7:30 AM. I arrived at approximately 7:40 AM, which was the only instance of being late during my full-time employment. According to 145 FSS office standards, I was required to notify them if I would be more than 15 minutes late, which I did. When I arrived, I explained that I had to retrieve paperwork from my office to administer the fitness assessment, yet Johnathan Stallings claimed I did not communicate a reason for my tardiness. Additionally, Johnathan Stallings falsely accused me of breaking the chain of command by contacting Wendy Larsen about the fitness assessment, despite Wendy Larsen telling both him and me that she had provided her personal contact information in case I had questions while she was away at school. Wendy Larsen, who had far more experience as a fitness program manager than Johnathan Stallings, had no issue with my inquiry. During this time, Johnathan Stallings ceased to train me on my primary duties and failed to provide me with a Performance Improvement Plan (PIP), further hindering my professional development. Johnathan Stallings' actions were retaliatory and discriminatory, as he fabricated reports and created a punitive feedback system to undermine my professional standing. Melissa Thatcher failed to intervene or address the issues during the meeting, allowing Johnathan Stallings' discriminatory and retaliatory actions to continue unchecked, which contributed to a hostile work environment. The actions of Johnathan Stallings and Melissa Thatcher were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964**, which prohibits race discrimination, retaliation, and

harassment in the workplace. Their behavior caused significant harm to my professional reputation, emotional well-being, and career advancement. I request that the court hold Johnathan Stallings accountable for violating my rights and causing emotional harm.

6. On June 23, 2016, I was discriminated against based on race, harassed, and retaliated against by Melissa Thatcher after I complained about race discrimination concerning my promotion. After submitting my timecard, Melissa Thatcher came into my office and asked if I was claiming all my comp time, which had been previously approved. I asked if there was a problem, and she stated that since I had not requested to come in early, my comp time would not count, even though I had done this several times before my promotion was granted. She also told me that I could not claim comp time for a working lunch, even though I had done this without issue prior to my promotion. Melissa Thatcher's actions were retaliatory and harassing. After I complained about race discrimination regarding my promotion, she confronted me about comp time practices that had been accepted without issue in the past. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964**, which protects against retaliation for filing discrimination complaints. Thatcher's actions were inconsistent, as she allowed others to claim comp time in the same manner, further supporting my claim of disparate treatment. Her actions were both retaliatory and harassing, which are prohibited under Title VII, and they created a hostile work environment that damaged my professional reputation and emotional well-being.

7. On June 23, 2016, I was discriminated against based on race, harassed, and retaliated against by Melissa Thatcher due to my prior race discrimination complaint regarding my promotion. After she verbally explained why my comp time was not approved, Johnathan Stallings informed me of a meeting in Melissa Thatcher's office. At the meeting, Melissa Thatcher provided me with a write-up detailing the same explanation she had previously given me. I told her and Johnathan Stallings that I felt singled out, and Melissa Thatcher responded by saying there had been some challenges, which was why they were documenting the incident.

   Ironically, the day before, on June 22, 2016, I had received a Record of Recognition Award from a contractor, yet I received no praise, verbal or written, from the leadership team. Melissa Thatcher's actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression.

   Her actions violated my rights under **Title VII of the Civil Rights Act of 1964** (race discrimination and retaliation), **42 U.S. Code § 1981** (race discrimination), and the Equal Protection Clause (for government employees), as well as state-level anti-discrimination and retaliation laws that mirror Title VII and may offer additional protections.

5

Case 3:25-cv-00179-FDW-DCK    Document 1    Filed 03/13/25    Page 10 of 15

8. On July 1, 2016, I was discriminated against based on race, harassed, and retaliated against by Johnathan Stallings due to my prior race discrimination complaint regarding my promotion. Johnathan Stallings called me into a meeting in Jennifer Lacy's office, where Jennifer Lacy, Melissa Thatcher, and Christy Roddy were also present. During the meeting, Johnathan Stallings presented me with my termination letter. After reading the letter, I disputed the information in paragraph two. Johnathan Stallings told me that the termination was not up for discussion and directed me to HRO for any further information. This was dehumanizing. Johnathan Stallings played a direct role in causing harm by presenting my termination letter and refusing to allow me to discuss or challenge the termination. His actions, particularly in light of my prior race discrimination complaint, appeared retaliatory and discriminatory. By inviting Jennifer Lacy, Melissa Thatcher, and Christy Roddy to witness my termination, Johnathan Stallings created an intimidating and hostile environment, seemingly intending to further humiliate me. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 1981**, and state-level anti-discrimination laws, which protect against racial discrimination, retaliation, and harassment in the workplace.

9. On July 5, 2016, I was discriminated against based on race, harassed, and retaliated against by Melissa Thatcher due to my prior race discrimination complaint and my termination notice. While I was in Johnathan Stallings' office retrieving an invoice for a hotel audit, Melissa Thatcher entered the office and stood behind me, making me feel uncomfortable. She questioned my business in the office, and I explained that I was conducting an audit. Later, when I returned to my office to continue the audit, Melissa Thatcher came in and demanded that I hand over my keys. She explained that if I needed access to any office, either she or someone else would let me in. I complied and handed over all of my keys, which meant I lost access to the Force Support (FSS) building, the FSS hall, and my office. As a result, I had to rely on others to open the door for me, which further increased my discomfort. Melissa Thatcher also asked me if I was dropping off or picking up work in front of others during these escorts, which felt humiliating. It seemed as if she was intentionally creating a hostile work environment, possibly trying to push me to quit before my last day, which was July 23, 2016. Eventually, I relocated to another building due to my discomfort and I notified Russel Ponder of my relocation and why. Melissa's actions were documented on video. Melissa Thatcher's behavior was discriminatory and retaliatory, especially in light of my previous race discrimination complaint. Her actions—questioning my business, denying me access to my office, and publicly humiliating me—were inappropriate, unlawful, and contributed to a hostile work environment. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 1981**, and state-level anti-discrimination laws, which protect against race discrimination and retaliation in the workplace.

10. On July 7, 2016, I was discriminated against based on race, harassed, and retaliated against by Melissa Thatcher in response to my prior race discrimination complaint and my termination notice. I raised an inquiry about a discrepancy on my timecard concerning a deduction from my annual leave that I had not used. Melissa Thatcher, who had access to my timecard, was involved in the issue. However, when I pointed out the discrepancies, she referred me to Ravena Boler to resolve the matter. Ravena Boler, however, did not have the necessary access to the system that Melissa Thatcher had, making it impossible for Ravena to resolve the issue. This was hurtful. I believe Melissa Thatcher manipulated my timecard to create discrepancies, as she was the only one in the office with the ability to do so. These actions affected my annual leave pay and caused both professional and emotional harm. Considering my prior race discrimination complaint, her actions appear retaliatory and discriminatory. It felt as though she was deliberately creating a hostile work environment and trying to force me to quit before my last day, which was set for July 23, 2016. Melissa Thatcher's actions—manipulating my timecard, creating discrepancies, and redirecting me to someone without the proper access—were retaliatory and discriminatory. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 1981**, and state-level anti-discrimination laws, which protect employees from race-based discrimination and retaliation in the workplace.

11. On July 25, 2016, I was discriminated against based on race, harassed, and retaliated against by Melissa Thatcher and Johnathan Stallings following my prior race discrimination complaint and termination notice. Gary Barber informed me by letter that Johnathan Stallings and Melissa Thatcher had stated, "When Trial and Kirk return, she will get fired." This statement indicates that Melissa Thatcher was directly involved in planning my termination, contingent on the return of Trial and Kirk, suggesting a discriminatory and retaliatory motive rooted in my race and prior complaint. Furthermore, Johnathan Stallings' participation in the conversation, as outlined in the letter from Gary Barber, reinforces the retaliatory nature of their actions. His involvement in discussing my termination, particularly in the context of my race discrimination complaint, highlights the discriminatory intent behind their actions. Both Melissa Thatcher and Johnathan Stallings appear to have conspired to terminate me, which seems to be retaliation for exercising my right to file a race discrimination complaint. Their statement implies that they coordinated with Lisa Kirk and Annmarie Trial to orchestrate my termination. This was devastating. These actions, which were both retaliatory and discriminatory, caused me emotional distress, professional harm, and significantly damaged my career progression as well as violated my rights under **Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 1981**, and state-level anti-discrimination laws, which protect employees from race discrimination and retaliation. The timing and context of their statements indicate retaliation for my protected activity, further demonstrating their unlawful conduct.

12. On November 18, 2016, I whistle blew on the National Guard Bureau (NGB) as they continued to discriminate and retaliate against me based on my prior racial discrimination complaint, as well as my formal complaint filed with the U.S. Equal Employment Opportunity Commission (EEOC) on September 22, 2016. The NGB denied me my right to due process by failing to comply with several of the EEOC's rulings, including those issued on September 23, 2021, September 16, 2021, January 22, 2021, February 24, 2021, March 6, 2020, June 5, 2019, May 14, 2019, April 3, 2019, and August 11, 2017. A key part of this ongoing retaliation occurred when NGB Adjutant General Mr. Gregory Lusk sent a letter to the EEOC's Office of Federal Operations Director, Mr. Carlton Hadden, on June 13, 2019, stating that he would not comply with any of the EEOC's orders. This letter was intentionally withheld from me until I conducted a congressional inquiry, during which I discovered the letter on April 23, 2020. I believe this concealment was a deliberate attempt to obstruct justice and delay my ability to challenge the unlawful actions of the NGB, particularly regarding their refusal to comply with the EEOC's orders. In addition, the NGB continued to abuse the EEOC process by failing to act on or acknowledge Administrative Judge Brian Clarke's Damages Order, Show Cause Order, and Sanction Order. These orders were issued on September 16, 2021, but the NGB's failure to comply with them further violated my rights and obstructed the resolution of my discrimination case. This process has been grueling and heartbreaking. I have been on an emotional roller-coaster and have often felt a loss of quality of life due to this extreme stagnation. The NGB's actions denied me the opportunity to secure justice and compensation. The NGB's conduct violated **Title VII of the Civil Rights Act of 1964**, federal civil rights protections, my due process rights under the **Fifth Amendment**, and state anti-discrimination laws. Concealing the letter may also constitute a violation of the **Freedom of Information Act (FOIA)**, as it should have been disclosed to me. Additionally, retaliating against me for filing a discrimination complaint is a clear violation of **Title VII**. If the letter's concealment was part of a broader scheme to prevent me from accessing critical legal recourse, it could amount to obstruction of justice. Furthermore, the wrongful withholding of the letter may breach state public records laws and state civil rights laws, especially if it was discriminatory or retaliatory in nature. Finally, the act of concealing the letter may also violate state whistleblower protection laws if it was done in retaliation for my complaints. I request that the court hold this agency and all applicable parties accountable for violating my rights and causing emotional harm.

I am seeking maximum back pay from 23 July 2016 to present and five (5) years front pay to compensate for the 10 years of lost wages and projected wages. I am seeking maximum emotional distress damages to reflect the hardship caused by the prolonged discrimination and retaliation. Punitive damages for the egregious nature of the unlawful conduct. Attorney's fees to cover the legal costs incurred throughout the lengthy process if applicaple. Policy changes and corrective actions to prevent future occurrences of discrimination and retaliation. Correction *of employment records and removal of wrongful termination from my employment history and any other relief* the court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/13/2025

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Shanta Swinton

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____