UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-00179-FDW-DCK

| SHANTA SWINTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| JOHNATHAN STALLINGS, MELISSA THATCHER, JENNIFER LACY, GARY ASHWORTH, LISA KIRK, ANNMARIE TRIAL, GREGORY LUSK, AND TODD HUNT, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on *pro se* Plaintiff Shanta Swinton's Objection to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 29.) Plaintiff seeks review of the Magistrate Judge's M&R, (Doc. No. 27), regarding Plaintiff's Motion for Recusal of Presiding Judge Pursuant to 28 U.S.C. § 455(a). (Doc. No. 12.). The Court reviewed the docket and both parties' filings. For the reasons set forth below, the M&R is **AFFIRMED and ADOPTED**, Plaintiff's Objections are **OVERRULED**, and Plaintiff's Motion for Recusal of Presiding Judge Pursuant to 28 U.S.C. § 455(a) is **DENIED**.

### I. Background

On March 13, 2025, Plaintiff filed her Complaint against Johnathan Stallings, Melissa Thatcher, Jennifer Lacy, Gary Ashworth, Annmarie Trial, Lisa Kirk, Gegory Lusk, and Todd Hunt ("Defendants"), asserting claims arising out of her military employment. (Doc. No. 1.) On June 4, 2025, Plaintiff filed a Motion for Recusal of Presiding Judge Pursuant to 28 U.S.C. § 455(a). (Doc. No. 12.) Therein, she asks the Court to recuse the Honorable Judge Frank D. Whitney ("Judge

1

Whitney") from presiding over her case, alleging since United States Attorney for the Western District of North Carolian Russ Ferguson ("U.S. Attorney Ferguson") clerked for Judge Whitney in the past, there is "an appearance of potential conflict of interest or bias." (Id., p. 2.) The Defendants filed a Response on June 18, 2025, asserting 1) since U.S. Attorney Ferguson clerked for Judge Whitney over sixteen years ago, Plaintiff's motion is "speculative" and there is not "applicable basis for recusal under 28 U.S.C. § 455(b)"; and 2) the motion incorrectly presumed which U.S. Attorney is handling this case. (Doc. No. 17, pp. 1–2.) Plaintiff filed her Reply on June 20, 2025. (Doc. No. 21.)

On July 8, 2025, the Magistrate Judge issued a M&R, finding,

> Judge Whitney's impartiality is not reasonably questioned. Plaintiff's conclusory allegations that the U.S. Attorney for the WDNC's previous job as a term judicial law clerk for Judge Whitney sixteen years ago are insufficient to warrant recusal. This connection is too tenuous and is, rather, an example of unsupported speculation.

(Doc. No. 27, p. 6.) Based off this analysis, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Recusal. (Id.) Plaintiff filed her Objections to the M&R on July 10, 2025 and raised three objections: 1) the appearance of partiality is reasonable in this context, 2) public confidence in judicial integrity is at stake; and 3) disparate treatment of Litigant's Motions and Filings Irregularities Support Appearance of Partiality. (Doc. No. 29.) Defendants filed a Reply on July 23, 2025, and, that same day, Plaintiff filed a Surreply. (Doc. Nos. 39, 40.)

## II.    Standard of Review

A district court may refer a nondispositive motion to a magistrate judge for a recommendation pursuant to Federal Rule of Civil Procedure 72(a). See FED. R. CIV. P. 72(a). A party may file written objections to a magistrate judge's M&R within fourteen days of being served with a copy of the M&R. 28 U.S.C § 636(b)(1). This Court is then tasked with reviewing

2

objections to the M&R to determine whether the order "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). A magistrate judge's factual findings are clearly erroneous when a court is "left with the definite and firm conviction that a mistake has been committed." TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Although parties are permitted to file written objections to a magistrate judge's M&R, "[a]ny written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections." Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Further, "a general objection . . . is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court to the *true ground for the objection*.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)) (emphasis added); see also Jones v. Hamidullah, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate judge's report "on the whole are without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); see also United States v. Schronce, 727 F.2d 91, 93–94 (4th Cir. 1984). Moreover, objections which "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error" do not sufficiently direct a court to a specific error. Lowdermilk v. LaManna, No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). "Frivolous,

3

conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

### III. Analysis

As an initial matter, the Court notes Plaintiff's objections that public confidence in judicial integrity is at stake and disparate treatment of litigants' motions and filing irregularities support appearance of partiality, are not proper objections to an M&R. (Doc. No. 29, p. 2.) Nowhere in these two objections did Plaintiff "specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." Morgan, 421 F. Supp. 2d at 893 (emphasis omitted). For instance, Plaintiff's first objection that judicial integrity is at stake, is overly general and "merely express[es] disagreement" with the M&R. Lowdermilk, 2009 WL 2601470, at *2. Plaintiff's second objection that her motions are not being addressed with impartiality is not only not an objection to the M&R but also is entirely frivolous.[1] Since these two objections are general, and not specific objections to the M&R, the Court will not address them here. See Battle, 834 F.2d at 421; Tyler , 81 F. App'x at 446.

Plaintiff's remaining objection before the Court is whether the participation of U.S. Attorney Ferguson, as Judge Whitney's former law clerk, creates a reasonable appearance of partiality. (Doc. No. 29, p. 1.) The Court finds it does not.

A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) does not require actual bias, rather, the critical inquiry here is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." United

---

[1] For example, Plaintiff asserts she is not being treated impartially because the Court did not address her two motions for counsel. (See Doc. Nos. 4, 6) To date, the Magistrate Judge has addressed both Motions. (Doc. Nos. 5, 43.)

States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998), cert. denied, 526 U.S. 1137 (1999) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir.1995)); Aiken Cnty. v. BSP Division of Envirotech Corp., 866 F.2d 661, 679 (4th Cir.1989)). The analysis here is not focused on the judge's subjective intent, but "on perception (i.e., appearance): whether sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." Mangum v. Oxygen Media, LLC, 603 F. Supp. 3d 266, 273 (E.D.N.C. 2022), aff'd, No. 22-1612, 2022 WL 17249695 (4th Cir. Nov. 28, 2022) (quoting United States v. Black, 490 F. Supp. 2d 630, 656 (E.D.N.C. 2007)). "[T]he 'objective standard asks whether the judge's impartiality might be questioned by a reasonable, *well-informed* observer who assesses *all the facts and circumstances*.'" United States v. Stone, 866 F.3d 219, 230 (4th Cir. 2017) (emphasis in original) (quoting DeTemple, 162 F.3d at 286). Section 445(a), does not, however, "require recusal on the basis of suspicion or 'unsupported, irrational, or highly tenuous speculation.'" Black, 490 F. Supp. 2d at 656 (quoting DeTemple, 162 F.3d at 287 (quotation omitted)).

Applying Section 445(a)'s objective standard inquiry here, an objective, reasonable, and well-informed observer would not question Judge Whitney's impartiality. Plaintiff's Motion is based on U.S. Attorney Ferguson's clerkship for Judge Whitney and Judge Whitney's administration of the oath of office in March 2025 for U.S. Attorney Ferguson. (Doc. No. 29, pp. 1–2.) Courts have repeatedly held former law clerks are allowed to appear before the judge they clerked for. See Carter v. United States, No. 3:04CV353-I-MU, 2006 WL 3469634, at *7 (W.D.N.C. Nov. 30, 2006); Griffin v. United States, No. 5:18-CR-00096-FL, 2022 WL 16735465, at *4 (E.D.N.C. Mar. 14, 2022), report and recommendation adopted, No. 5:18-CR-96-FL-1, 2022 WL 16550314 (E.D.N.C. Oct. 31, 2022); In re Murrell, No. 13-32400, 2014 WL 1675753, at *5 (Bankr. W.D.N.C. Apr. 28, 2014). Thus, U.S. Attorney Ferguson's clerkship with Judge Whitney

5

over sixteen years ago does not prohibit him from appearing before Judge Whitney. (Doc. No. 17, p. 1–2.) The law is clear and Plaintiff does not offer any law or persuasive arguments to the contrary. (Doc. No. 29.) Furthermore, an objective and reasonable person observing the facts U.S. Attorney Ferguson once clerked for Judge Whitney and Judge Whitney swore U.S. Attorney Ferguson into his current position would not question Judge Whitney's partiality. Plaintiff's assertion to the contrary is based on an "unsupported, irrational, or highly tenuous speculation." Black, 490 F. Supp. 2d at 656 (quoting DeTemple, 162 F.3d at 287 (quotation omitted)). Stated simply, Plaintiff's Motion to recuse Judge Whitney because U.S Attorney Ferguson clerked for Judge Whitney and Judge Whitney swore U.S. Attorney Ferguson into his current position is insufficient to warrant recusal pursuant to Section 455(a). Accordingly, Plaintiff's objection on this point is DENIED.[2]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 27), is **AFFIRMED and ADOPTED**, Plaintiff's Objections to the M&R, (Doc. No. 29), are **OVERRULED**, and Plaintiff's Motion for Recusal of Presiding Judge Pursuant to 28 U.S.C. § 455(a), (Doc. No. 12), is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 29, 2025

Frank D. Whitney
Senior United States District Judge

---

[2] The Court notes U.S. Attorney Ferguson is not the counsel assigned to this case. Although U.S Attorney Ferguson's name is on the filings, Assistant U.S. Attorney Janice Powers is the attorney assigned as Defendants' counsel and is "acting by and through Russ Ferguson[] . . . ." (Doc. No. 10.)